**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>WC HIRSHFELD MOORE, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-10247 (JTD)<br><br>(Joint Administration Pending)[1] |
|---|---|

**MOTION OF LADDER CAPITAL FINANCE LLC FOR ENTRY OF AN ORDER TRANSFERRING VENUE TO THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS**

Ladder Capital Finance LLC ("**Secured Lender**") hereby moves, pursuant to 28 U.S.C. §§ 1408 and 1412, Rule 1014 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 1014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order transferring venue of the chapter 11 bankruptcy cases of each of the Delaware Debtors to the United States Bankruptcy Court for the Western District of Texas (the "**Texas Court**") (the "**Motion**"). In support of its Motion, Secured Lender respectfully states as follows.

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware has jurisdiction to consider this matter under 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b).

[1] A motion for joint administration was filed with this Court on February 4, 2020, seeking the joint administration of eight cases, including the above-captioned case (Dkt. No. 3). The Debtors in those chapter 11 cases (collectively, "**Delaware Debtors**"), together with the last four digits of each Debtor's federal tax identification number, are: WC Hirshfeld Moore, LLC (8478); WC 103 East Fifth, LLC (3638); WC 320 Congress, LLC (0667); WC 422 Congress, LLC (7328); WC 805-809 East Sixth, LLC (9019); WC 901 East Cesar Chavez, LLC (2657); WC 1212 East Sixth, LLC (1287); and WC 9005 Mountain Ridge, LLC (8534). A venue transfer motion, substantially similar to this Motion, has been filed in each of the chapter 11 cases.

## BACKGROUND

### I. Bankruptcy Petitions of the Delaware Debtors and Their Affiliates

2. On February 3, 2020 (the "**Petition Date**"), each of the Delaware Debtors filed a voluntarily petition for relief (the "**Petitions**") with this Court commencing cases under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). (Docket No. 1.)

3. The Petitions state that each of the Delaware Debtors' principal place of business is located at 814 Lavaca Street, Austin, Texas, and each of the Delaware Debtors' principal assets are located in Austin, Texas, and the Delaware Debtors are each a "Single Asset Real Estate" business.[2] (Docket No. 1, at 1-2.)

4. The Petitions disclose that the following seven[3] bankruptcy cases (the "**Texas Cases**"), filed by affiliates of the Delaware Debtors (the "**Texas Debtor Affiliates**"), are pending in the Western District of Texas before the Honorable Tony M. Davis:

| Case Name | Case Number | Date Petition Filed |
|---|---|---|
| 900 Cesar Chavez, LLC | 19-11527-tmd | 11/04/2019 |
| 905 Cesar Chavez, LLC | 19-11528-tmd | 11/04/2019 |
| 5th and Red River, LLC | 19-11529-tmd | 11/04/2019 |
| 7400 South Congress, LLC | 19-11530-tmd | 11/04/2019 |
| WC 56 East Avenue, LLC | 19-11649-tmd | 12/02/2019 |
| Silicon Hills Campus, LLC | 20-10042-tmd | 01/07/2020 |
| WC 2101 W Ben White, LP | 20-10182-tmd | 02/04/2020 |

(*Id.*, at 2 & 5; Attachment 1.) The aggregate secured indebtedness owed in those cases by the Texas Debtor Affiliates is approximately $84,000,000.00.

[2] Bankruptcy Code section 101(51B) defines "Single Asset Real Estate" as "real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto." 11 U.S.C. § 101(51B).

[3] WC 2101 W Ben White, LP, another affiliate of the Debtor, filed its bankruptcy petition on February 4, 2020. That case is pending in the Western District of Texas before the Honorable Tony M. Davis as case number 20-10182-tmd.

5. The Petitions further state that the following eight bankruptcy cases (the "**Delaware Cases**"), filed by the affiliated Delaware Debtors, were commenced contemporaneously in the District of Delaware:

| Case Name | Case Number | Date Petition Filed |
|---|---|---|
| WC Hirshfeld Moore, LLC | 20-10247 | 2/3/2020 |
| WC 805-809 East Sixth, LLC | 20-10251 | 2/3/2020 |
| WC 1212 East Sixth, LLC | 20-10253 | 2/3/2020 |
| WC 320 Congress, LLC | 20-10249 | 2/3/2020 |
| WC 901 East Cesar Chavez, LLC | 20-10252 | 2/3/2020 |
| WC 9005 Mountain Ridge, LLC | 20-10254 | 2/3/2020 |
| WC 103 East Fifth, LLC | 20-10248 | 2/3/2020 |
| WC 422 Congress, LLC | 20-10250 | 2/3/2020 |

(*Id.*)

6. The limited liability company consent agreements resolving to file the Petitions are attached thereto and signed by Natin Paul, both as President of WC Austin Equity IV, LLC, the sole member of each of the Delaware Debtors, and as President of World Class IX Holdings, LLC, the sole manager of each of the Delaware Debtors. (*Id.*, at 6-9.)

7. The Consolidated Corporate Ownership Statement attached to the Petitions discloses that 100% of the membership interests of each of the Delaware Debtors are owned by WC Austin IV Equity, LLC. (*Id.*, at 15.)

8. The list of creditors with the 20 largest unsecured claims attached to the Petitions identifies a total of 12 creditors, seven of which are located in Austin, Texas, and none of which is located in Delaware. (*Id.*, at 12-14.)

## II. Foreclosure Sales of the Delaware Debtors' Sole Assets

9. On or about July 9, 2018, Secured Lender made a $47,614,000.00 loan (the "**Loan**") to the Delaware Debtors.

10. The Loan is evidenced in part by (a) that certain Second Amended and Restated Loan Agreement, dated as of July 9, 2018, executed by the Delaware Debtors (as borrowers) and Lender, and (b) that certain Second Amended and Restated Promissory Note, dated as of July 9, 2018, in the original principal amount of $47,614,000.00, executed by the Delaware Debtors and delivered to Secured Lender (the **"Note"**).

11. As security for the Loan, the Delaware Debtors granted Secured Lender first priority liens on and security interests in certain real property located in Austin, Texas (collectively, the "**Property**").

12. Secured Lender's liens on and security interests in the Property are evidenced by: (1) that certain Deed of Trust, Assignment of Leases and Rents, and Security Agreement, dated as of May 11, 2018 executed by WC Hirshfeld Moore, LLC in favor of Secured Lender with respect to certain property located at 305 West 9th Street, Austin, Texas; (2) that certain Deed of Trust, Assignment of Leases and Rents, and Security Agreement, dated as of May 11, 2018 executed by WC 320 Congress, LLC in favor of Secured Lender with respect to certain property located at 320 Congress Street, Austin, Texas; (3) that certain Deed of Trust, Assignment of Leases and Rents, and Security Agreement, dated as of June 1, 2018 executed by WC 901 East Cesar Chavez, LLC in favor of Secured Lender with respect to certain property located at 901 East Cesar Chavez, 806 Willow Street, 900 Willow Street, Austin, Texas; (4) that certain Deed of Trust, Assignment of Leases and Rents, and Security Agreement, dated as of July 9, 2018 executed by WC 1212 East Sixth, LLC in favor of Secured Lender with respect to certain property located at 1212 East Sixth Street, Austin, Texas; (5) that certain Deed of Trust, Assignment of Leases and Rents, and Security Agreement, dated as of July 9, 2018 executed by WC 9005 Mountain Ridge, LLC in favor of Secured Lender with respect to certain property

located at 9005 Mountain Ridge Drive, Austin, Texas; (6) that certain Deed of Trust, Assignment of Leases and Rents, and Security Agreement, dated as of July 9, 2018 executed by WC 103 East Fifth, LLC in favor of Secured Lender with respect to certain property located at 103 East Fifth Street, Austin, Texas; (7) that certain Deed of Trust, Assignment of Leases and Rents, and Security Agreement, dated as of July 9, 2018 executed by WC 422 Congress, LLC in favor of Secured Lender with respect to certain property located at 422 Congress Street, Austin, Texas; and (8) that certain Deed of Trust, Assignment of Leases and Rents, and Security Agreement, dated as of May 11, 2018 executed by WC 805-809 East Sixth, LLC in favor of Secured Lender with respect to certain property located at 805-809 East 6th Street, Austin, Texas (collectively, the **"Deeds of Trust"**).

13. The Loan Agreement, Note, Deeds of Trust, and all other documents further evidencing, securing, or executed in connection with the Loan, as the same have been modified from time to time, are sometimes referred to in this Motion collectively as the **"Loan Documents."**[4]

14. Under the terms of the Loan Documents, the Delaware Debtors are required to make monthly payments of debt service and other amounts owed to Secured Lender under the Loan Documents. The Delaware Debtors failed to make the monthly debt service payments as and when required for January 2020, which failures constitute an Event of Default under the Loan Documents.

15. Also under the terms of the Loan Documents, the Delaware Debtors are required to provide Secured Lender with certain financial reports, including: monthly statements of

[4] Factual allegations set forth in this Motion are supported by the Declaration of Robert M. Perelman (the **"Perelman Declaration"**) filed herewith. A copy of the Loan Agreement is attached as Exhibit 1 to the Perelman Declaration, a copy of the Note is attached as Exhibit 2, and copy of each of the Deeds of Trust is attached as group Exhibit 3.

income, expenses and cashflow; monthly balance sheets; monthly budget comparisons; monthly rent rolls; month-by-month comparisons of rent paid under certain master leases associated with the Property; and month-by-month comparisons of rent paid by each tenant other than the master tenant under each such Tenant's lease. The Loan Documents also require guarantor Natin Paul ("**Guarantor**") to provide Secured Lender with a certificate setting forth Guarantor's net worth and liquid assets within 45 days of May 31 of each year during the term of the Loan.

16. The Delaware Debtors failed to provide Secured Lender with the required information, despite the notice and an opportunity to cure as provided in the Loan Documents, which failures constitute additional Events of Default under the Loan Documents.

17. As a result of the Delaware Debtors' defaults under the terms of the Loan Documents, by letter dated January 7, 2020, Secured Lender exercised its right to accelerate all amounts due and owing under the Loan Documents.

18. Exercising its rights under the Loan Documents, Secured Lender initiated non-judicial foreclosure proceedings against each respective Property and scheduled foreclosure sales of each respective Property for February 4, 2020, in accordance with Texas law. As a result of the Delaware Debtors' bankruptcy filing, the sales have been stayed pursuant to section 362 of the Bankruptcy Code.

19. Similarly, several foreclosure sales of properties located in Austin, Texas that are the principal assets of the Texas Debtor Affiliates were previously scheduled to take place, but were stayed pursuant to section 362 of the Bankruptcy Code.

## REQUEST FOR RELIEF

20. Through this Motion, Ladder Capital seeks entry of an order transferring each of the Delaware Debtors' Chapter 11 Cases from the Delaware Court to the Texas Court.

## BASIS FOR RELIEF

21. The statute governing the venue of bankruptcy cases provides, in relevant part, that:

> a case under title 11 may be commenced in the district court for the district—
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
>
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408. "The statute is written in the disjunctive making venue proper in any of the listed locations." *In re Dunmore Homes, Inc.*, 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008).

22. Although venue may be proper in any of the locations listed in 28 U.S.C. § 1408(1), courts have authority under 28 U.S.C. § 1412 to "transfer a case or proceeding under title 11 to a district court for another district, *in the interest of justice or for the convenience of the parties*." 28 U.S.C. § 1412 (emphasis added); *see also* Fed. R. Bankr. Pro. 1014.

23. Because 28 U.S.C. § 1412 is written in the disjunctive, it "creates two distinct analytical bases upon which the transfer of venue may be grounded." *In re Qualteq, Inc.*, No. 11-12572 (KJC), 2012 WL 527669 at *6 (Bankr. D. Del. Feb. 16, 2012) (citations omitted).

24. While courts tend to defer to a debtor's choice of forum in chapter 11 cases, "the weight afforded to the debtor's choice of forum is diminished when the choice of forum is not directly related to the operative, underlying facts of the case." *In re Rehoboth Hosp., LP*, No. 11-

12798 KG, 2011 WL 5024267, at *3 (Bankr. D. Del. Oct. 19, 2011) (citing *In re Centennial Coal, Inc.*, 282 B.R. 140, 144-45 (Bankr. D. Del. 2002)); *see also In re Enron Corp.*, 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002) (the mere filing of the case in a district is not dispositive).

25.   A court has discretion to transfer venue if either the interests of justice or the convenience of the parties warrants transfer. *See Qualteq*, 2012 WL 527669, at *6. The exercise of that discretion is based upon an individualized case by case analysis of convenience and fairness. *See Enron*, 274 B.R. at 342.

26.   The party seeking to transfer venue bears the burden of proof. *In re DBSI, Inc.*, 478 B.R. 192, 194 (Bankr. D. Del. 2012); *In re Caesars Entm't Operating Co., Inc.*, Case No. 15-10047 (KG), 2015 WL 495259, at *5 (Bankr. Del. Feb. 2, 2015) ("In a traditional Section 1412 analysis, *i.e.* where a debtor initiates a voluntary bankruptcy proceeding and a party in interest moves to transfer venue, the burden is on the movant to demonstrate that the court should transfer the case in the interest of justice or for the convenience of the parties.").

27.   While venue may be proper in the District of Delaware, the Court should exercise its discretion and transfer the Chapter 11 Cases to the Texas Court because it is both "in the interest of justice" *and* "for the convenience of the parties."

28.   "The 'interest of justice' component of [28 U.S.C.] § 1412 is a broad and flexible standard which must be applied on a case-by-case basis. It contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness . . . ." *In re Patriot Coal Corp.*, 482 B.R. 718, 739 (Bankr. S.D.N.Y. 2012) (citing *Gulf States Exploration Co. v. Manville Forest Prod. Corp. (In re Manville Forest Prod. Corp.)*, 896 F.2d 1384, 1391 (2d Cir.1990)).

29. Transferring venue in the "interest of justice" is warranted for avoiding not only "redundant litigation and inconsistent decisions, but also the attendant waste of resources and increased administrative expenses that would reduce the property available for distribution to creditors." *See, e.g., In re Raytech Corp.*, 222 B.R. 19, 24 (Bankr. D. Conn. 1998).

30. Additionally, courts considering transferring venue "for the convenience of the parties" evaluate:

a. the economic administration of the estate;

b. the location of the debtor's assets;

c. the proximity of creditors;

d. the proximity of the debtor;

e. the proximity of witnesses who are necessary to the administration of the estate; and

f. the necessity for ancillary administration in the event of liquidation.

*Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co. (In re Commonwealth Oil Refining Co.)*, 596 F.2d 1239, 1247 (5th Cir. 1979) ("**CORCO**"). *Accord In re Caesars Entm't Operating Co., Inc.*, Case No. 15-10047 (KG), 2015 WL 495259, at *6 (Bankr. Del. Feb. 2, 2015); *Enron*, 274 B.R. at 343; *Qualteq*, 2012 WL 527669, at *5; *In re Innovative Commc'n Co., LLC*, 358 B.R. 120, 126 (Bankr. D. Del. 2006).

31. Typically, the most important is the economic and efficient administration of the estate. *CORCO*, 592 F.2d at 1247.

32. However, where a debtor's principal asset is real estate located in a different jurisdiction, transfer of venue to that jurisdiction is warranted. *In re B.L. McCandless LP* 417 B.R. 80, 84 (Bankr. N.D. Ill. 2009) ("'that the factor which overwhelmingly militates in favor of transferring' the case was that the Debtor's principal asset was real estate located in the other

jurisdiction."). Indeed, "[c]ourts have observed that matters concerning real property have always been of local concern and traditionally are decided at the situs of the property." *Id.* (quoting *In re Eleven Oak Tower*, 59 BR 626, 629 (Bankr. N.D. Ill 1986) (internal quotations omitted).

33. Delaware bankruptcy courts also recognize the importance of the location of a debtor's principal real estate assets in determining proper venue. *See, e.g.,* Transcript of Hearing at 26-27, *In re Oklahoma Procure Mgmt., LLC*, Case No. 182622 (MFW) [Docket No. 113] (Bankr. D. Del. Nov. 26, 2018) ("This is a local case that should have been filed where its assets are. . . . Delaware is not a venue for cases that only have a connection with one state and one district.").

34. In cases essentially involving single asset real estate debtors, "**the location of the lone improved real estate asset is of particular concern to the Court**, especially in the event of a potential liquidation, and the case is 'better administered by a court in the district in which it is located.'" *Rehoboth Hosp.*, 2011 WL 5024267, at *5 (emphasis added) (quoting *In re Midland Assoc's.*, 121 B.R. 459, 461 (Bankr. E.D. Pa. 1990)); *see also In re Pavilion Place Assoc's*, 88 B.R. 32, 36 (Bankr. S.D.N.Y. 1988); *In re Sundance Corp.*, 84 B.R. 699, 703 (Bankr. Mont. 1988); *In re Nantucket Apartments Assoc's*, 80 B.R. 154, 156 (Bankr. E.D. Mo. 1987).

35. In each of the Delaware Debtors' Chapter 11 Cases, all relevant considerations and factors weigh decisively in favor of transferring this case to the Texas Court.

## I. The "Interest of Justice" favors transfer to the Texas Court

36. The chapter 11 cases of seven of the Texas Debtor Affiliates have been pending in the Texas Court before the Honorable Tony M. Davis since November 4, 2019. The Texas Court is already familiar with the common ownership structure, operations, assets, and creditors of the Texas Debtor Affiliates. The issue of whether this particular sponsor, whose office and home

have been the subject of raids by federal authorities (Perelman Declaration, at ¶ 14), can at this time find refinancing for the enormous amount of secured debt that is owed by the Texas Debtor Affiliates, is already squarely before the Texas Court, and Judge Davis is already intimately familiar with that issue. By filing here, the Delaware Debtors appear to desire a "restart" of that issue as it applies to them. Due to the common identity of the affiliated entities' ownership and creditors, it is likely that other common issues will arise in the cases of the Texas Debtor Affiliates and the Delaware Debtors.

37. If the cases were to proceed in separate districts, not only will this Court have to familiarize itself with facts that are already well-known to the Texas Court, but a distinct risk of redundant litigation, inconsistent decisions, waste of resources, and increased administrative expenses arises. That risk is mitigated, or eliminated entirely, by transferring these cases to the Texas Court.

## II. The "Convenience of the Parties" weighs in favor of transferring to Texas

### a. Proximity of the Delaware Debtors, Creditors, and Potential Witnesses and the Location of the Delaware Debtors' Assets

38. In the Petitions, the Delaware Debtors admit that their principal place of business and principal assets are located in Austin, Texas. As Single Asset Real Estate entities, the Debtors' operations are inextricably and exclusively connected to the Austin, Texas properties.

39. Despite being Delaware limited liability companies, the location of the Debtors' principal place of business and the location of its primary assets demonstrate that they have a strong connection to Texas, and virtually no substantive connection to Delaware.

40. As disclosed in the consolidated list of the 20 largest unsecured creditors filed with the Petitions, a majority of the Debtors' unsecured creditors are from Austin, Texas, and, importantly, not a single one is located in Delaware.

41. As Single Asset Real Estate businesses, the issues likely to arise in the Delaware Debtors' bankruptcies will revolve around the real estate and its operation, valuation, and disposition. Witnesses likely to be called in connection with the Chapter 11 Cases would need to be familiar with the subject properties and the local real estate market, among other things, which means that witness are likely to be from the Austin, Texas area. The proximity of Debtors' operations, creditors, and potential witnesses, and the location of Debtors' primary assets, all weigh heavily in favor of transferring the case to the Texas Court.

**b. Transferring Venue Will Result in the Most Economic Administration of the Estate**

42. As discussed above, the Debtors, their assets, creditors, and potential witnesses are all located in Texas. The expenses and delay associated with frequent travel between Texas and Delaware would be excessively burdensome on the estate. Furthermore, seven Texas Cases of the Texas Debtor Affiliates are pending in the Texas Court.

43. Four of the Texas Cases have been pending since November and have had substantial activity. The secured lender in that jointly administered case[5] filed a Motion for Relief from Stay with respect to real property located in Austin, Texas. There are currently two motions pursuant to 11 U.S.C. § 363(f) pending that are set for hearing on February 10, 2020.

44. Further, a Motion for Relief from Stay with respect to real property is currently pending in *In re Silicon Hills Campus, LLC,* Case No. 20-10042-tmd. The motion is set for hearing on March 11, 2020.

45. The Texas Court has great familiarity with the affiliates of the Delaware Debtors through these proceedings. The duplication of efforts that would result from permitting the

[5] The debtors in this case include 900 Cesar Chavez, LLC, 905 Cesar Chavez, LLC, 5th and Red River, LLC, and 7400 South Congress, LLC. The case is jointly administered under Case Number 19-11527-tmd.

Delaware Debtors to remain in the Delaware bankruptcy court will undoubtedly, and needlessly, cause avoidable fees and costs to be incurred by the estates and their creditors, many of which hold claims in several of the affiliates' cases. The most efficient and economical administration of Delaware Debtors' estates will occur in the Texas Court.

## NOTICE

46. Pursuant to Bankruptcy Rule 1014, notice of this Motion has been provided to the Delaware Debtors and the United States Trustee. Secured Lender submits that such notice satisfies the requirements of Bankruptcy Rule 1014.

## CONCLUSION

47. By their own admission, the Delaware Debtors are Single Asset Real Estate businesses and their principal place of business and sole assets are located in Austin, Texas. As demonstrated above, every relevant consideration and factor indicates that the Texas Court is the proper and appropriate venue for these Chapter 11 Cases. The interests of justice and convenience of the parties demand that the Court exercise its discretion and transfer the Debtors' Chapter 11 Cases to the Texas Court.

**WHEREFORE**, Secured Lender respectfully requests that the Court enter an order, pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014, transferring each of the Delaware Debtors' Chapter 11 Cases to the United States Bankruptcy Court for the Western District of Texas and for such other relief as the Court deems just and equitable.

Dated: February 6, 2020
Wilmington, Delaware

Respectfully submitted,

**POLSINELLI PC**

*/s/ Christopher A. Ward*

Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
Brenna A. Dolphin (Del. Bar No. 5604)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
skatona@polsinelli.com
bdolphin@polsinelli.com

*Counsel to Ladder Capital Finance LLC*